IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| C.H., | : | |
|     Plaintiff, | : | |
| VS. | : | 7:23-CV-41 (TQL) |
| Commissioner of Social Security, | : | |
|     Defendant. | : | |

**ORDER**

This Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 13). The Court entered an order reversing the Commissioner's decision in this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanding it to the administrative level for further proceedings. (Doc. 11). Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act (EAJA). Plaintiff seeks to be compensated for 36 hours of work at an hourly rate of $234.00, resulting in a total fee of $8,424.00. (Doc. 13-1 at 3). Plaintiff also seeks costs in the amount of $402.00 pursuant to § 2412(a). *Id.*

**Discussion**

The EAJA, as codified at § 2412(d)(1)(A), provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Under § 2412(a), a judgment of costs may include the filing fee. A court may also award reasonable expenses of attorneys in addition to costs. 28 U.S.C. § 2412(b). "EAJA fees are

calculated under the lodestar method by examining the attorney's reasonable hours expended and her reasonable hourly rate." *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010) (Sotomayor, J., concurring).

Plaintiff's itemized calculation of 36 hours appears to be reasonable under the circumstances. *See D.H.C. v. Comm'r of Soc. Sec.*, 2019 WL 5848062 (M.D. Ga. 2019) (granting an EAJA award for 40 hours); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (survey of Social Security disability cases suggests an average range of twenty (20) to forty (40) hours); *Grey v. Chater*, 1997 WL 12806 at *1 (S.D.N.Y. 1997) (citing cases supporting a "twenty to forty hour benchmark" for Social Security fee awards).

Additionally, the hourly rate of $234.00 is properly calculated based on a CPI adjustment of the $125.00 statutory rate. *See Lawton v. Astrue*, 2012 WL 1119459 at *1, n. 1 (M.D. Ga. 2012) (describing the formula for calculating the CPI adjusted hourly rate). Plaintiff's counsel asserts that the Social Security Administration has no objection to the proposed hourly rate of $234.00. (Doc. 13 at 2). The Commissioner has filed no response to Plaintiff's Motion.

Accordingly, Plaintiff's Motion for Attorney's Fees (Doc. 13) is **GRANTED**, and Plaintiff shall receive attorney's fees in the amount of $8,424.00 and costs in the amount of $402.00. Pursuant to the dictates of *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government may accept an assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**SO ORDERED**, this 15th day of November, 2023.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE